UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


LARRY HUGHES                                    CIVIL ACTION

VERSUS                                          NO: 10-808

LOUIS ARMSTRONG NEW ORLEANS                     SECTION: J(5)
INTERNATIONAL AIRPORT

                         **ORDER AND REASONS**

   Before the Court is Plaintiff Larry Hughes' **Motion for Reconsideration (Rec. Doc. 36)** and accompanying memorandum in opposition.  The Court previously granted Defendant Louis Armstrong New Orleans International Airport's ("LANOIA") **Motion for Summary Judgment (Rec. Doc. 31)** as unopposed; however, according to the Court's February 16, 2011, order, Plaintiff has timely asked for reconsideration of that order and filed opposition to summary judgment.

            **PROCEDURAL HISTORY AND BACKGROUND FACTS**

   Mr. Hughes is an African-American former temporary contract technician who worked at LANOIA until August 2009.  In 2009, LANOIA sought to convert several temporary positions into permanent, classified positions, and the New Orleans Civil

                                   1

Service Department opened the application process for the position of Airport Technician III (Stationary Engineer) at LANOIA.  Stationary engineers are assigned airport vehicles in order to complete their duties, so applicants for the position must be eligible for coverage under LANOIA's automobile liability insurance policy.

Mr. Hughes applied for the Stationary Engineer position and authorized LANOIA to obtain his driving records.  These records indicated that Mr. Hughes' license was blocked for failure to have insurance and listed multiple violations and suspensions. Accordingly, LANOIA's insurer refused to cover Mr. Hughes under the airport's automobile liability insurance policy.  LANOIA obtained copies of Mr. Hughes' driving records two more times, but the same violations and suspensions were listed, and LANOIA's insurer continued to refuse coverage for Mr. Hughes.  Thus, LANOIA informed Mr. Hughes that he was not eligible for the Stationary Engineer position.  LANOIA ultimately employed seven Stationary Engineers.  Of the seven, three are African-American, one is Hispanic, and three are Caucasian.

Mr. Hughes filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was discriminated against based on his race when LANOIA denied him

employment as a Stationary Engineer. The EEOC investigated the allegations and found no cause to conclude that LANOIA discriminated against Mr. Hughes because of his race. Mr. Hughes then filed this civil action in this Court in March 2010.

## THE PARTIES' ARGUMENTS

In its Motion for Summary Judgment (Rec. Doc. 31), LANOIA contends that Mr. Hughes cannot offer any direct or circumstantial evidence that he was discriminated against by LANOIA based on his race when he was denied employment as a Stationary Engineer. LANOIA argues that Mr. Hughes cannot present a *prima facie* case of discrimination because he was not qualified for the Stationary Engineer position at issue and was not treated less favorably than similarly situated persons. Moreover, LANOIA argues that even if Mr. Hughes is able to establish a *prima facie* case of racial discrimination, LANOIA would still be entitled to summary judgment because its insurer's refusal to cover Mr. Hughes under the automobile liability insurance policy constitutes a legitimate, nondiscriminatory reason for refusing the employ Mr. Hughes as a Stationary Engineer. Furthermore, Mr. Hughes can offer no evidence that LANOIA's reason for denying him employment as a Stationary Engineer was a pretext for racial discrimination or that LANOIA

had mixed motives, one of which was discriminatory.

Mr. Hughes asserts that "something was going on improperly" and requests a jury trial. He claims that engineers at LANOIA drive golf carts, not trucks, and questions whether all of the Stationary Engineer candidates' driving records were checked as thoroughly as his.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 588 (1986).

Title VII provides, in relevant part, that it is unlawful for an employer "to fail or refuse to hire or to discharge an individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race,

color, religion, sex, or national origin . . . ."  42 U.S.C. § 2000e-2(a)(1).  In this Title VII action, Mr. Hughes must carry the initial burden under the statute of establishing a *prima facie* case of racial discrimination.  This can be done by showing (1) that he is a member of a protected class, (2) that he applied and was qualified for the Stationary Engineer position, (3) that, despite his qualifications, he was rejected for the position, and (4) that LANOIA continued to seek applicants from persons with Mr. Hughes' qualifications.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

In this case, Mr. Hughes is unable to meet his burden of proof regarding the second element listed above regarding his qualifications for the Stationary Engineer position.  The Civil Service announcement clearly stated that applicants for the Stationary Engineer position must be eligible for coverage under LANOIA's automobile liability insurance policy.  Mr. Hughes failed to fulfill this job requirement because LANOIA's insurer refused to approve Mr. Hughes for coverage under the policy on three separate occasions.  Furthermore, Mr. Hughes has not offered any specific facts to establish that he was indeed qualified for the Stationary Engineer position.  Thus, the Court finds that Mr. Hughes is unable to establish a *prima facie* case

of racial discrimination under Title VII.

Accordingly, **IT IS ORDERED** that Plaintiff's **Motion for Reconsideration (Rec. Doc. 36)** is **DENIED**.

New Orleans, Louisiana, this 18th day of April, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE